# United States Court of Appeals for the Fifth Circuit

_____

No. 23-10151
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**

August 11, 2023

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

HECTOR FRANCISCO SANTOS-FLORES,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:22-CR-75-1

_____

Before HIGGINBOTHAM, STEWART, and SOUTHWICK, *Circuit Judges*.

PER CURIAM:[*]

Hector Francisco Santos-Flores appeals his sentence for illegal reentry into the United States after having been removed, in violation of 8 U.S.C. § 1326(a) and (b)(1). He contends that because the indictment did not allege and he did not admit as part of his guilty plea that he sustained a qualifying conviction prior to his removal, the district court erred in

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

determining that he was subject to a 10-year maximum sentence under § 1326(b).  However, he concedes that this argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), and merely raises this issue to preserve it for further review.  The Government has moved without opposition for summary affirmance, or, alternatively, for an extension of time to file a brief.

Because summary affirmance is appropriate, *see Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), the Government's motion for summary affirmance is GRANTED, the Government's alternative motion for an extension of time to file a brief is DENIED, and the district court's judgment is AFFIRMED.